UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MADELINE RIVERA,

                    Appellant,

      -against-

JP MORGAN CHASE, JPMORGAN CHASE
BANK, N.A., BROOKHAVEN GASTRO A
SSOC., COGENT MEDICAL CARE,
JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, JEFFERSON CAPITAL
SYSTEMS LLC, JOAQUIN BONILLA,
MARIANNE DeROSA,
UNITED STATES TRUSTEE

                    Appellees.
-------------------------------------------------------------x

For Online Publication Only

**MEMORANDUM & ORDER**
20-CV-5436 (JMA)

**FILED**
**CLERK**

11:12 am, May 19, 2021

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**APPEARANCES:**

Madeline Rivera, pro se
1700 Wave Avenue
Medford, New York 11763
   *Pro Se Appellant*

Marianne DeRosa
Standing Chapter 13 Trustee
100 Jericho Quadrangle, Suite 127
Jericho, New York 11753
   *Appellee*

Nathan Z. Kaufman
100 Jericho Quadrangle, Suite 127
Jericho, New York 11753
   *Counsel for Appellee Chapter 13 Trustee*

James P. Berg
Parker, Ibrahim & Berg LLP
5 Penn Plaza, Suite 2371
New York, New York 10001
   *Counsel for Appellee JPMorgan Chase Bank, N.A.*

1

**AZRACK, United States District Judge:**

Appellant Madeline Rivera ("Appellant" or "Rivera"), the debtor in this Chapter 13 bankruptcy case, appeals pro se from an October 29, 2020 Order (the "Dismissal Order") of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") dismissing her voluntary bankruptcy case pursuant to 11 U.S.C. § 1307(c). (Dismissal Order, ECF No. 1-2 at 7-10; see In re Rivera, Bankr. No. 18-77271, ECF No. 50.) For the reasons set forth below, the Bankruptcy Court's judgement is AFFIRMED.

## I. BACKGROUND

### A. Factual Background

The Court assumes the parties' familiarity with the full facts and procedural history of this action and summarizes the facts and history relevant to the instant appeal based on the Bankruptcy Record on Appeal (20-CV-05436, ECF No. 2), the filings in Appellant's bankruptcy proceeding, and the affidavits and exhibits filed by the parties in this case.[1]

On October 26, 2018, Rivera filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code in the Bankruptcy Court. (See Appendix to Appellant's Reply Br., ECF No. 7-2 at 4-62.) Rivera sought to preserve her interest in real property located at 1700 Wave Avenue in Medford, New York 11763 (the "Property"), which she co-owns with third-party Joaquin Bonilla ("Bonilla").[2] (Appellant's Br. at 11, 27; Appellant's Reply Br., ECF No. 7, at 36-53.)

---

[1] The Court refers to the Court's CM/ECF electronic document filing system's ("ECF") pagination throughout this Memorandum and Order.

[2] It appears that Bonilla and Rivera purchased the Property together on or about October 20, 1998 but that Bonilla no longer resides at the Property. (Appellant's Br., ECF No. 3 at 11, 20.)

Prior to the October 26, 2018 bankruptcy filing, a judgment of foreclosure and sale of the Property had been entered in a foreclosure action in state court on April 9, 2018, and a sale of the Property was scheduled for June 19, 2018.[3] (ECF No. 2-8 at 62-70; JPMorgan Chase Bank, N.A. v. Bonilla, Index No. 14-70618 (County of Suffolk).) However, on June 18, 2018, Appellant filed her first Chapter 13 bankruptcy case, which stayed the sale of the Property. (ECF No. 2-1 at 137; see In re Rivera, Bankr. No. 18-74110.) That bankruptcy case was automatically dismissed on August 3, 2018 for filing deficiencies.[4] (ECF No. 2-8 at 109.)

Subsequently, a second foreclosure sale of the Property was scheduled for October 30, 2018. (ECF No. 2-1 at 137.) Four days prior to the scheduled sale, Appellant filed a second Chapter 13 bankruptcy petition (the instant case on appeal), which again resulted in a thirty-day automatic stay of the foreclosure sale of the Property pursuant to 11 U.S.C. § 362. (Id. at 137-38.) On November 21, 2018, Appellant moved to extend the automatic stay. (Id. at 138; Appendix to Appellant's Br. at 64-67.)

On December 14, 2018, the Chapter 13 Trustee, Marianne DeRosa ("Trustee" or "DeRosa")[5] filed a motion to dismiss the bankruptcy case pursuant to 11 U.S.C. § 1307(c), alleging that Appellant failed: to start making payments within the time limits specified in 11 U.S.C. § 1326(a)(1); to file a Plan as required by 11 U.S.C. § 1321 and Federal Bankruptcy Rule 3015(b); to provide a copy of her federal income tax return as required by 11 U.S.C. § 521(e)(2)(A)(i); and

---

[3] Appellant appealed the state court foreclosure judgment which is currently pending in the Supreme Court of New York, Appellate Division, Second Department. JPMorgan Chase Bank, N.A. v. Bonilla, Index No. 06354/2018 (N.Y. App. Div. 2d Dep't.). (See Appellant's Objection to JPMorgan's response, ECF No. 10 at 2.)

[4] Prior to the automatic dismissal of Appellant's bankruptcy case, Rivera had filed a motion for a voluntary dismissal. (Appendix to Appellant's Br. at 70-73.)

[5] "In Chapter 13 cases, the U.S. Trustee appoints a private trustee, the 'Chapter 13 Trustee' (in this case, DeRosa), to oversee the debtor's performance under a court-affirmed plan to pay creditors and discharge of her debts. 11 U.S.C. § 1302." Wenegieme v. Macco, 580 B.R. 17, 19 n.1 (E.D.N.Y. 2018).

to provide the Trustee with mandatory disclosure documentation required under the Local Bankruptcy Rules. (ECF No. 2 at 113-15.) The Trustee claimed that "[Appellant]'s failure to provide these items impede[d] the Trustee's ability to administer th[e] case and, therefore [was] a default that [was] prejudicial to the rights of the creditors of the [Appellant] pursuant to 11 U.S.C. § 1307(c)(1)," and that "[e]ach of the foregoing constitute[d] cause to dismiss this Chapter 13 case within the meaning of 11 U.S.C. § 1307(c)." (Id.)

Following the December 26, 2018 filing of Appellant's opposition to the Trustee's motion to dismiss, (ECF No. 2 at 116 - ECF No. 2-1 at 134), and the January 2, 2019 filing of third-party Bonilla's submission in opposition, (ECF No. 2-2 at 3-15), the Bankruptcy Court held a hearing on the motion on January 3, 2019. (Appellant's Br. at 29; Dismissal Order at 7.) At the hearing, which Rivera attended pro se, along with Bonilla, the Honorable Alan S. Trust found that Appellant had not filed a Chapter 13 plan, had failed to submit any Chapter 13 plan payments, and had failed to file a tax return. (See Appendix to Trustee Br., ECF No. 4-1 at 10-15; Dismissal Order at 7-9.) Appellant did not deny these findings and acknowledged that she had filed the bankruptcy petition because of the foreclosure judgement on the Property—"to try to prevent it". (Appellant's Br. at 27; Appendix to Trustee's Br. at 7.) Therefore, Judge Trust concluded that Rivera did not have a viable Chapter 13 case. (Dismissal Order at 7-9.) He informed Appellant that she had the right to convert the case to a Chapter 7 proceeding until February 1, 2019, or her bankruptcy case would be dismissed. (Id. at 7.) Accordingly, Judge Trust directed the Chapter 13 Trustee to settle an order dismissing the case subject to a thirty-day notice of settlement. (Id.)

On January 4, 2019, JPMorgan Chase Bank, National Association ("JPMorgan") filed a proof of claim, (ECF No. 2-4 at 114-159), and on January 11, 2019, Appellant filed a motion objecting to the proof of claim. (ECF No. 2-3 at 13-17.) The Trustee filed a notice of settlement

4

of a proposed Order ("notice of settlement") dismissing the case on January 14, 2019, (ECF No. 2-3 at 6-10), and on January 29, 2019, Appellant filed a 206-page objection to the notice of settlement. (ECF No. 2-3 at 22 - ECF No. 2-4 at 63.) Rivera and third-party Bonilla filed additional and amended objections to the notice of settlement on February 5, 6, 8 and 11, 2019. (Dismissal Order at 8.) These objections did not dispute the grounds for dismissal, but rather alleged that the Trustee was "aiding and abetting JPMorgan/Chase to affirm, confirm and seal an alleged debt that has been falsely created." (See ECF No. 2-3 at 22.)

On January 24, 2019, Appellant's motion to extend the stay was denied. (ECF No. 2-3 at 21.) On August 20, 2019, the Bankruptcy Court issued an Order restoring the Trustee's motion to dismiss to the Court's calendar. (Appendix to Trustee's Br. at 16-17.) On December 19, 2019, Appellant filed a motion for a Rule 2004 Examination of Chase Home Finance, Verizon, and JPMorgan. (ECF No. 2-26 at 13.) On October 29, 2020, the Bankruptcy Court entered the Dismissal Order dismissing Appellant's bankruptcy case pursuant to 11 U.S.C. § 1307(c) of the Bankruptcy Code. Specifically, the Dismissal Order provides:

> "[T]he Debtor has failed to show cause why the case should not be dismissed for the reasons stated on the record at the January 3, 2019 hearing, and since the January 3, 2019 hearing, Debtor has failed to make any meaningful progress towards demonstrating that this case is likely to result in confirmation of a chapter 13 plan and payment of creditors as required under the Bankruptcy Code and Rules; therefore, the [motion to dismiss] is granted and this case is hereby DISMISSED pursuant to 11 U.S.C. § 1307(c) of the Bankruptcy Code.

(Dismissal Order at 9.) Additionally, the Bankruptcy Court found both Appellant's claim objection and the motion for a Rule 2004 Examination to be moot. (Id. at 10.)

On November 9, 2020, Appellant filed a notice of appeal. (ECF No. 1.)

**B. Procedural History**

As mentioned above, on November 9, 2020, Appellant filed a notice of appeal from the Bankruptcy Court's October 29, 2020 Order dismissing her bankruptcy case. On December 10, 2020, Appellant filed her appellate brief, albeit with the Bankruptcy Court. (ECF No. 3.) The Trustee filed a brief in opposition on January 21, 2021, (ECF No. 4), and on February 11, 2021, Appellant filed her reply brief. (ECF No. 7.) On April 28, 2021, JPMorgan filed a limited response to Appellant's appeal, (ECF No. 8) and on May 10, 2021, Appellant filed an objection to JPMorgan's response. (ECF No. 10.)

## II. DISCUSSION

Appellant contends that the Bankruptcy Court erred in dismissing her Chapter 13 case and that the creditors filed a false proof of claim. She does not address the grounds for the Bankruptcy Court's dismissal nor contest its findings of fact. Instead, Appellant's three-thousand pages of submissions on appeal raise issues related to the foreclosure of the Property, including allegations of fraud, lack of standing, forgery, as well as due process and Fair Debt Collection Practices Act violations. (Appellant's Br. at 8-41.) These issues are not relevant to the appeal of the Bankruptcy Court's Dismissal Order, and therefore, are not properly before this Court. However, in light of Appellant's pro se status, liberally construing this appeal, the Court will review the dismissal of Rivera's bankruptcy case pursuant to the standard set forth below.[6]

---

[6] The Trustee contends that this appeal should be dismissed for the additional reason that Appellant failed to order the transcript of the January 3, 2019 hearing pursuant to Bankruptcy Rule 8009(b)(1)(A). (Trustee's Br. at 14-15.) She argues that this failure "is sufficient cause to dismiss the appeal pursuant to Bankruptcy Rule 8003(a)(2), or, in the alternative, to affirm the Bankruptcy Court." (Id. at 15.) In light of Appellant's pro se status, however, and "pursuant to its powers under Rule 8019 of the Federal Rules of Bankruptcy Procedure — Rule 8028's predecessor," this Court has obtained the audio recording of the hearing in order "to expedite a decision on the merits and to avoid requests for additional time or to refile the appeal." Fetman v. Musso, No. 20-CV-1101, 2021 WL 736415, at *7 n.6 (E.D.N.Y. Feb. 25, 2021) (citing Frostbaum v. Ochs, 277 B.R. 470, 473 n.1 (E.D.N.Y. 2002); see also In re Harris, 464 F.3d 263, 269, 273 (2d Cir. 2006) ("In Frostbaum, the debtor failed to include the record of the hearing that served as the basis of the ruling, but the district court obtained the transcripts pursuant [to] its powers under [prior] Bankruptcy Rule 8019, which permits a district court to suspend the requirements of certain bankruptcy rules in the interest of expediting a case.) (citing Frostbaum, 277 B.R. at 473 n.1). Therefore, this Court declines to dismiss this appeal for failure to comply with Rule 8009 and assesses Rivera's appeal on the merits.

## A. Standard of Review

This Court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1), (3). District courts review a bankruptcy court's factual findings for clear error and its conclusions of law de novo. See In re Charter Commc'ns, Inc., 691 F. 3d 476, 483 (2d Cir. 2012). In addition, a district court "'may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below.'" Wenegieme, 580 B.R. at 21 (quoting In re Miller, Nos. 08-CV-4305, 08-CV-4306, 2009 WL 174902, at *1 (S.D.N.Y. Jan. 26, 2009)); Bristol v. DeRosa, No. 09-CV-3730, 2010 WL 3924911, at *2 (E.D.N.Y. Sept. 30, 2010).

## B. The Dismissal Order

Following the January 3, 2018 hearing, the Bankruptcy Court dismissed Appellant's Chapter 13 case for cause pursuant to 11 U.S.C. § 1307(c) ("Section 1307(c)") because of, among other things, her failure to file a Chapter 13 plan, commence making Chapter 13 payments to the Trustee, and provide the Trustee with a copy of a federal income tax return. (Dismissal Order at 7.) At the hearing, the Bankruptcy Court instructed Appellant that she had thirty days to convert the case to Chapter 7, or it would be dismissed. (Id.) Appellant does not contest the Bankruptcy Court's findings, and, upon review of the record, the Court finds that the Bankruptcy Court's dismissal was proper.

Section 1307(c) of the Bankruptcy Code provides that "on request of a party in interest . . . . and after notice and a hearing, the court may convert a case under this chapter to a case under Chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests

of creditors and the estate, for cause." 11 U.S.C. § 1307(c). Section 1307(c) provides a non-exhaustive list of grounds for "for cause" dismissal, including, but not limited to:

> (1) unreasonable delay by the debtor that is prejudicial to creditors; [or] . . . (3) failure to file a plan timely under section 1321 of this title; [or] (4) failure to commence making timely payments under section 1326 of this title. . .

11 U.S.C. § 1307(c).

"Bankruptcy is a privilege, not a right." In re Campora, No. 14-CV-5066, 2015 WL 5178823, at *9 (E.D.N.Y. Sept. 3, 2015) (quoting In re Sochia, 231 B.R. 158, 160 (Bankr. W.D.N.Y. 1999). In seeking protection under the Bankruptcy Code, a debtor "has the responsibility to inform herself of her duties" under the Code. In re Ward, 423 B.R. 22, 34 (Bankr. E.D.N.Y. 2010). When a '[d]ebtor has not complied with a number of her obligations imposed by the Bankruptcy Code, relief under § 1307(c) is appropriate." Id. at 34 (dismissing bankruptcy case pursuant to Section 1307(c) where debtor failed to provide the Chapter 13 Trustee with required documents and failed to make preconfirmation plan payments pursuant to Section 1326 of the Bankruptcy Code).

In this case, Appellant admits that she had not proposed a Chapter 13 plan, or made any payments to the Trustee. (See Trustee's Br. at 6, Appendix at 7.) Either one of these failures on its own may be cause for dismissal under Section 1307(c). See In re Burgos, 476 B.R. 107, 111-12 (Bankr. S.D.N.Y. 2012) (indicating that failure to file plan did not excuse debtor from commencing plan payments as required by § 1326(a)(1) and holding that failure to commence plan payments can be sufficient cause, by itself, to justify dismissal under § 1307(c)(4).) Pursuant to Federal Rule of Bankruptcy Procedure 3015(b), Rivera was required to file her Chapter 13 plan within fourteen days of filing her Bankruptcy petition—no later than November 9, 2018. (FED. R.

BANKR. P. 3015(b).) Appellant failed to file a Chapter 13 plan and did not request an extension of the fourteen-day period. (Appendix to Trustee's Br. at 3-4.)

Additionally, pursuant to 11 U.S.C. § 1326(a)(1)(A) ("Section 1326"), "the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or order for relief, whichever is earlier, in the amount--(A) proposed by the plan to the trustee . . ." Failure to comply with Section 1326 is grounds for dismissal. See In re Campora, 2015 WL 5178823, at *10 (citing In re Tornheim, 239 B.R. 677, 685 (Bankr. E.D.N.Y. 1999) ("It is beyond argument that the failure to make plan payments is violative of Chapter 13."); In re Burgos, 476 B.R. at 112 (dismissing debtor's Chapter 13 case for unreasonable delay, failure to file a Chapter 13 plan, and failure to make plan payments).

Here, Rivera's first Chapter 13 plan payment was due on November 25, 2018—thirty days after her October 26, 2018 bankruptcy filing. Appellant does not contest the fact that she failed to make any payments prior to the January 3, 2018 hearing or at any time prior to the Bankruptcy Court's Dismissal Order. Thus, under Section 1326, Appellant's failure to make any plan payments was an additional ground for dismissal. Accordingly, the Bankruptcy Court had a valid basis for dismissal under both Section 1307(c)(3) and (4) due to Appellant's failure to file a Chapter 13 plan as well as her failure to make any plan payments.

Finally, Appellant's failure to file the requisite tax returns was also cause for dismissal, not only pursuant to Section 1307(c), but also under 11 U.S.C. § 521(e)(2)(A)(i). "[F]ailure to comply with 11 U.S.C. § 521(e)(2)(A)(i) shall result in dismissal of a debtor's case, unless [s]he is able to demonstrate that h[er] failure to comply was the result of circumstances beyond h[er] control." In re Campora, 2015 WL 5178823, at *9 (citing 11 U.S.C. § 521(e)(2)(B)). "Courts have noted that the language of Section 521(e)(2)(B) is mandatory, requiring dismissal in all cases except those

9

where the debtor can make the requisite showing to excuse h[er] failure to file." Id. (citation omitted); see Bristol, 2010 WL 3924911, at *4 (affirming dismissal where Chapter 13 debtor failed to file tax returns and other required documents); Pal Family Trust v. Ticor Title Ins., 490 B.R. 480, 486 (S.D.N.Y. 2013) (affirming dismissal of Chapter 7 bankruptcy proceeding where debtor failed to comply with obligations to file schedules and provide Trustee with tax returns). Here, Appellant did not demonstrate, much less argue that her failure to file tax returns was due to circumstances beyond her control. Therefore, the Bankruptcy Court did not err in dismissing her Chapter 13 case for this reason as well.

Having carefully reviewed the record de novo, this Court concludes that the Bankruptcy Court properly dismissed Appellant's bankruptcy proceeding for cause in light of her failure to fulfill her duties as a debtor in accordance with Section 1307(c). Additionally, in light of its dismissal of Appellant's bankruptcy proceeding, the Bankruptcy Court correctly found Appellant's claim objection to be moot. See In re Vivenzio, No. 19-CV-71697, 2021 WL 1536398, at *1-2 (E.D.N.Y. Jan. 29, 2021) (finding claim objection as moot where bankruptcy proceeding was dismissed). Accordingly, Appellant's appeal is denied.

### III. CONCLUSION

The order appealed from is AFFIRMED and Appellant's appeal is DENIED. The Clerk of the Court is directed to mail a copy of this Order to the pro se Appellant and mark the case CLOSED.

**SO ORDERED.**

Dated: May 19, 2021

Central Islip, New York

/s/ (JMA)  
Joan M. Azrack  
United States District Judge